UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOSEPH MALATAMBAN RAAB,

        Plaintiff,

v.

JAMES MCLOED et al.,

        Defendants.
_____/

Case No. 2:19-cv-108

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Blubaugh because Blubaugh is immune from suit. The Court will stay the action against Defendant McLeod.

## **Discussion**

### I.    Factual Allegations

Plaintiff Joseph Malatamban Raab is presently detained at the Chippewa County Jail in Sault Sainte Marie, Michigan. The events about which he complains occurred prior to his

arrest. Plaintiff sues Sault Sainte Marie Tribal Officer / Trident Agent James McLeod and Chippewa County District Judge Eric Blubaugh.

Plaintiff alleges that Defendant McLeod prepared an affidavit in support of a search warrant that was approved by Judge Blubaugh. The warrant covered two apartments, one of which was a residence used by Plaintiff. The execution of the warrant apparently led to the discovery of evidence that resulted in criminal charges against Plaintiff and his arrest. Plaintiff alleges that the search warrant is part of an "open case" against him. (Compl., ECF No. 1, PageID.5.)

Plaintiff claims that the affidavit supporting the warrant is invalid because it contains false statements. He sues Officer McLeod for intentionally inserting false statements into the affidavit. Plaintiff also claims that, even with the false statements, the affidavit is defective because it does not support a finding of probable cause. He sues Judge Blubaugh for approving the warrant.

Plaintiff apparently claims that Defendants violated his rights under the Fourth Amendment. As relief, Plaintiff seeks compensatory and punitive damages.

II.  Immunity

Plaintiff does not state a viable claim against Defendant Blubaugh. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the

judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that approving a search warrant was a judicial act and that Judge Blubaugh was acting within his jurisdiction in doing so. Accordingly, Judge Blubaugh is absolutely immune from liability. Because Judge Blubaugh is immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii). Accordingly, Defendant Blubaugh will be dismissed.

III.     Abstention

According to the complaint, Plaintiff's lawsuit challenges a search warrant that relates to a pending criminal case. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following

3

circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff alleges that the search warrant relates to a criminal case that is ongoing. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges to the search warrant. He can file a motion to suppress evidence obtained through the warrant. Michigan courts routinely consider such motions. *See People v. Franklin*, 894 N.W.2d 561, 574 (Mich. 2017) (affirming trial court's decision to hold an evidentiary hearing to evaluate the validity of a search warrant affidavit, the result of which led to the suppression of evidence and the dismissal of charges against the defendant). Indeed, "'[a]bstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). State law does not clearly bar the presentation of Plaintiff's constitutional claims in his criminal proceedings.

Furthermore, Plaintiff's allegations do not implicate any of the *Younger* exceptions. He does not allege bad faith, harassment, a flagrantly unconstitutional statute, or an extraordinarily pressing need for federal relief. Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, so long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review Defendant McLeod's actions in connection with the search warrant.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. However, where the only relief sought by the plaintiff is damages, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles *only where the relief being sought is equitable or otherwise discretionary*.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile *Quackenbush* involved *Burford* abstention, its reasoning applies with equal force to *Younger* abstention").

Plaintiff seeks only damages. He does not seek equitable or declaratory relief. Consequently, "*Quackenbush* prevents the [Court] from even exercising its discretion and deciding to dismiss the case." *Id.* Accordingly, the Court will stay the claims against Defendant McLeod.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Blubaugh will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(iii)

5

and 1915A(b)(2), because he is immune from suit.  The claims against Defendant McLeod will be stayed.

   An order consistent with this opinion will be entered.


Dated: June 18, 2019        /s/ Paul L. Maloney
                 Paul L. Maloney
                 United States District Judge